IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BECHO, INCORPORATED,

    Plaintiff,

vs.                                                    CIV. No. 01-0286 RLP/DJS

TWIN MOUNTAIN
CONSTRUCTION II COMPANY,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the court on three related motions: Plaintiff's ("Becho" herein) Motion for Partial Summary Judgment as to Count VI of the Amended Complaint, seeking declaratory relief (Docket No. 19); Becho's Motion to Strike the Affidavits of Van Groves and Kathy Hendrickson, which were submitted by Defendant ("Twin Mountain" herein) in opposition to the Motion for Partial Summary Judgment (Docket No. 31); and Twin Mountain's Motion to Supplement the Record (Docket No. 40).

### Plaintiff's Motion to Strike is denied

I find that the portions of the affidavits of Van Groves and Kathy Hendrickson addressing contacts between Twin Mountain and Becho's suppliers are not hearsay. " 'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." *Fed.R.Evid. 801(c)*.  Hearsay evidence cannot be admitted unless it falls under an exception. *See Fed.R.Evid. 802*. I agree with Twin Mountain's contention that affidavit testimony concerning Becho's accounts payable was not offered to prove the truth of the matter asserted--that Becho owed money to its vendors,--but to

show Twin Mountain had justifiable reason to question whether the vendors had been paid. *See, e.g., Webb v. ABF Freight Systems, Inc.*, 155 F.3d 1230, 1248 (10th Cir. 1998). Accordingly, Plaintiff's Motion to Strike the Affidavits of Van Groves and Kathy Hendrickson is denied.

### Defendant's Motion to Supplement the Record is granted

I find that Defendant's Motion to Supplement the Record is well taken and should be granted pursuant to *Fed. R. Civ. P. 56(e)*.

### Factual Background

Twin Mountain is the prime contractor for the construction of the I-25/I-40 Interchange ("Big I Project" herein). Twin Mountain and Becho entered into a subcontract on March 20, 2000, pursuant to which Becho was to provide certain labor and materials related to the Big-I Project in return for specified payments ("progress payments" here). (Docket No. 20, Ex. 2). Twin Mountain ceased making all progress payments to Becho in March 2001. (Docket No. 20, Ex. 1, ¶11; Docket No. 41, Ex. F to Groves affidavit #2). Twin Mountain asserts that it stopped making progress payments in accordance with §3d of the Subcontract, after it was informed by material suppliers that Becho was significantly behind in payments to them.[1] (Docket No. 22, Ex.

---

[1] Sec. 3(d) of the Subcontract provides:

> Contractor may deduct from any amounts due or to become due Subcontractor any sum or sums owed by the Subcontractor to the Contractor. Contractor may also exercise the right of set-off under the Subcontract as to any sums owed by the Subcontractor and/or its affiliates under any other contract with the Contractor and/or its affiliates. In the event of any breach of the Subcontractor of any provision of obligation of this Subcontract, or in the event of the assertion by other parties of any claim or lien, including but not limited to third party claims, levies or garnishments against Contractor or the premises arising out of Subcontractor's performance of the Subcontract, Contractor shall have the right to retain out of any payments due or to become due Subcontractor an amount sufficient to completely protect Contractor form any and all loss, damage or expense therefrom until the situation has been satisfactorily remedied or adjusted by Subcontractor.

2, ¶11 (Groves affidavit #1); Ex. 7 (Hendrickson affidavit); Docket No. 41, Ex. F to Groves affidavit #2). Becho informed Twin Mountain on the same day that all vendors, except those with whom there were disputes, had been paid. (Docket 20, Ex. 1, ¶ 12; Docket No. 41 Ex. H to Groves Affidavit). This statement has been contradicted by at least one supplier. (Docket No. 41, Ex. H to Groves affidavit #2.)

Becho contends that the suspension of progress payments under §3(d) was a pretext, and that the real dispute between the Twin Mountain and Becho stems from Becho's refusal to execute a release form, the effect of which would waive some portion of Becho's claims for extra-contractual work.[2] (Docket No. 20, Ex. 1, ¶¶ 4-6, 10-12).

Commencing on March 13, 2001, Twin Mountain requested information from Becho on the status of payments to its vendors. (Docket No. 41, Ex. F to Groves Affidavit #2). This request was repeated on March 30, 2001. (Id.) (Docket No. 22, Ex. 6).

Becho filed its Complaint in this court on March 13, 2001, seeking damages and a declaration that it was relieved from further performance under its subcontract with Twin Mountain by reason of Twin Mountain's "material breach of contract," to wit, its refusal to make

---

[2]The language objected to provides:

> [T]his Release shall waive and release any mechanic's lien, any state or federal statutory bond right, any private bond right, and any claim for, or right to, additional payment that Subcontract may have or claim as a result of the work performed on the Project through the Release Date. This Release shall be effective for all labor, services and equipment or materials furnished through the Release Date, *except* as provided below.
>
> . . . This Release does not waive or release Subcontractor's right to claim additional payment for the work performed to the extent that Subcontractor has previously preserved its claim in writing and within the time and in the manner required by the subcontract. (Docket No. 20, Ex. 6).

progress payments. Becho provided Twin Mountain with information relating to Becho's accounts payable on May 29, 2001. (Docket No. 41, Ex. 1, ¶ 9). Becho walked off the job on June 4, 2001. (Docket No. 41, Exs. A & H to Groves affidavit #2). On June 6, 2001, Twin Mountain made demand on Becho's surety to fulfill its obligations under Becho's surety bond. (Docket No. 41, Ex. C-1 to Groves affidavit #2). The surety was declared insolvent on June 7, 2001. (Docket No. 41, Ex. C-2 to Groves affidavit #2).

**Plaintiff's Motion for Partial Summary Judgment is Denied.**

The Parties do not even agree on the core issue before the court, much less the facts relevant to the dispute between them. There are numerous genuine issues of material fact, precluding the granting of summary judgment. Accordingly, Plaintiff's Motion for Partial Summary Judgment is denied.

**IT IS THEREFORE ORDERED AS FOLLOWS:**

(1) Plaintiff's Motion to Strike the Affidavits of Van Groves and Kathy Hendrickson (Docket No. 31) is denied.

(2) Defendant's Motion to Supplement the Record (Docket No. 40) is granted.

(3) Plaintiff's Motion for Partial Summary Judgment (Docket No. 19) is denied.

**RICHARD L. PUGLISI**
**UNITED STATES MAGISTRATE JUDGE**
**(sitting by designation)**

Attorneys:

For Plaintiff:

Silva, Reider & Maestras, P.C.
　Paul Maestas, Esq.
　Wayne R. Suggett, Esq.

For Defendant:

Sheehan, Sheehan & Stelzner, P.A.
　Timothy M. Sheehan, Esq.